IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **BERKLEY REGIONAL INSURANCE COMPANY,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. 3:26-cv-50020 |
| **MEADOWVALE, INC., ESOP COMMITTEE OF MEADOWVALE, INC., JOSEPH G. GOMOLL, STEVEN P. STEINWART, QHI, LLC, JASON LESLIE, AND EDUARDO CAJINA,** | ) ) ) ) ) ) ) |
| **Defendants.** | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Berkley Regional Insurance Company ("BRIC"), for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202 against Meadowvale, Inc. ("Meadowvale"), ESOP Committee of Meadowvale, Inc. ("ESOP Committee"), Joseph G. Gomoll, Steven P. Steinwart (collectively, the "Insureds"), QHI, LLC ("QHI"), Jason Leslie, and Eduardo Cajina, states as follows:

## NATURE OF ACTION

1. This is an insurance coverage dispute relating to an insurance policy (the "Policy") that BRIC issued to Meadowvale concerning the lawsuit styled, *Jason Leslie, et al, v. Meadowvale, Inc, et al*., pending in the United States District Court for the Northern District of Illinois under case number 1:25-cv-14040 (the "Underlying Lawsuit").

2. Jason Leslie and Eduardo Cajina filed the Underlying Lawsuit individually and as representatives of a putative class of participants and beneficiaries in the Meadowvale Amended and Restated Employee Stock Ownership Plan (the "ESOP Plan").

3. Jason Leslie and Eduardo Cajina allege in the Underlying Lawsuit that the defendants breached fiduciary duties by failing to act in the best interest of ESOP Plan participants and beneficiaries, as required under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"), which caused substantial losses in retirement benefits to plaintiffs and other plan participants.

4. BRIC seeks a judicial declaration that it owes no duty to defend or indemnify the **Insureds**[1] in connection with the Underlying Lawsuit under the Policy because the Policy's ERISA Exclusion and Employee Stock Ownership Plain Exclusion Endorsement preclude coverage.

## PARTIES

5. BRIC is an insurance company organized under the laws of Iowa with its principal place of business in Iowa. BRIC is thus a citizen of Iowa.

6. Meadowvale is an employee-owned corporation with its principal place of business in Sandwich, Illinois. Meadowvale is thus a citizen of Illinois.

7. ESOP Committee of Meadowvale is named in the Underlying Lawsuit as the ESOP Plan Administrator within the meaning of 29 U.S.C. § 1002(16)(A), a named fiduciary of the ESOP Plan. ESOP Committee of Meadowvale is thus a citizen of Illinois.

8. Joseph G. Gomoll is domiciled in Illinois, Meadowvale's Chief Executive Officer ("CEO"), and former General Manager of Meadowvale. Mr. Gomoll is thus a citizen of Illinois.

9. Steven P. Steinwart is domiciled in Illinois, Chairman of Meadowvale's Board of Directors, and former President of Meadowvale. Mr. Steinwart is thus a citizen of Illinois.

10. QHI is an Illinois-based limited liability company with Meadowvale as its sole member. QHI is thus a citizen of Illinois.

---

[1] Terms in bold are defined in the Policy.

2

11. Jason Leslie and Eduardo Cajina are domiciled in Illinois and, thus, citizens of Illinois. Messrs. Leslie and Cajina are named as defendants in this action only to the extent they are required to be named as necessary parties.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), 2201, and 2202, as complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and BRIC seeks declaratory relief with respect to a case of actual controversy within this Court's jurisdiction.

13. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Meadowvale resides in this district and the Policy was delivered to Meadowvale in this district.

## THE UNDERLYING LAWSUIT

14. On November 17, 2025, Jason Leslie and Eduardo Cajina filed a Complaint in the Underlying Lawsuit (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

15. In the Complaint, Jason Leslie and Eduardo Cajina allege they are former employees of Meadowvale and fully vested participants in the ESOP Plan as of 2025. Jason Leslie and Eduardo Cajina assert claims on behalf of the ESOP Plan and all current and former participants of the ESOP Plan, and their beneficiaries, who have undistributed ESOP Plan benefits.

16. The Complaint alleges that the defendants operated the ESOP Plan to benefit company insiders—primarily Steven Steinwart—by retroactively amending the ESOP Plan to allow Mr. Steinwart to take a lump-sum distribution that other employees could not elect. Plaintiffs allege this depleted plan assets and harmed remaining participants by lowering share value.

17. The Complaint further alleges that the defendants concealed and excluded from the ESOP Plan the assets of QHI—a real estate holding company formed and controlled by Steinwart and later by Gomoll—while Meadowvale made rental payments to QHI that were above-market value. These above-market value rental payments to QHI allegedly siphoned value away from the ESOP Plan and depressed share valuations.

18. The Complaint further alleges that the defendants failed to comply with top-heavy and non-discrimination tax qualification requirements with regard to the ESOP Plan, risking tax penalties for all ESOP Plan participants.

19. The Complaint asserts two causes of action: COUNT ONE: BREACHES OF FIDUCIARY DUTY (ERISA §§ 502(a)(2), (a)(3), 29 U.S.C. § 1132(a)(2), (a)(3)); and COUNT TWO: PROHIBITED TRANSACTIONS ERISA §§ 406(a)(1)(C), (D), 406(b), 29 U.S.C. § 1106(a)(1)(C), (D), 406(b).

20. The Complaint seeks various forms of relief, including: (a) determination that the Underlying Lawsuit may proceed as a class action under Fed. R. Civ. P. 23(b)(1); (b) designation of plaintiffs as class representatives and plaintiffs' counsel as class counsel; (c) declaration that the defendants breached fiduciary duties of loyalty and prudence to ESOP Plan participants, causing substantial financial harm to the ESOP Plan participants and beneficiaries; (d) compelling the defendants to pay restitution for all ESOP Plan losses caused by their fiduciary breaches and prohibited transactions; (e) compelling the defendants to disgorge all profits received from the ESOP Plan and/or equitable relief pursuant to 29 U.S.C. §1132(a)(3); (f) enjoining the defendants from engaging in further prohibited transactions and/or violations of ERISA fiduciary obligations; and (g) prejudgment interest and attorneys' fees and costs.

## THE POLICY

21. BRIC issued Policy No. BMP-1014934-02 to Meadowvale for the **Policy Period** of April 11, 2025 to April 11, 2026. A true and correct copy of the Policy is attached hereto as **Exhibit 2**.

22. The Policy affords coverage subject to a $2,000,000 Aggregate Limit of Liability for all Section 1 **Coverage Parts**. The sole **Coverage Parts** purchased by Meadowvale are the Private Company Directors and Officers Liability **Coverage Part** (the "D&O Coverage Part") and the Employment Practices Liability **Coverage Part** (the "EPL Coverage Part").

23. Meadowvale did not purchase the Fiduciary Liability Coverage Part for the Policy.

24. Subject to the Policy's terms, conditions and exclusions, the D&O **Coverage Part** affords the following specified coverage, in relevant part:

> **B.   INSURING CLAUSE (B): COMPANY REIMBURSEMENT COVERAGE**
>
> The **Insurer** will pay, on behalf of a **Company**, **Loss** on account of a **Claim** first made against an **Insured Person** during the **Policy Period,** or the **Extended Reporting Period** if applicable, and reported to the **Insurer** in accordance with the General Terms and Conditions of this Policy to the extent such **Company** indemnifies the **Insured Person** for such **Loss** as permitted or required by law.
>
> **C.   INSURING CLAUSE (C): COMPANY LIABILITY COVERAGE**
>
> The **Insurer** will pay, on behalf of a **Company**, **Loss** on account of a **Claim** first made against such **Company** during the **Policy Period,** or the **Extended Reporting Period** if applicable, and reported to the **Insurer** in accordance with the General Terms and Conditions of this Policy.

25. Section II. **DEFINITIONS**, applicable to all **Coverage Parts**, provides in relevant part:

    **D**.     **Company** means the **Named Insured,** any **Subsidiary,** or any such entity as a debtor in possession under United States bankruptcy law or the equivalent of a debtor in possession under the law of any other country.

*   *   *

    **J**.     **ERISA** means the Employee Retirement Income Security Act of 1974, (including the Consolidated Omnibus Budget Reconciliation Act of 1985) (COBRA), any amendments thereto or **Equivalent Law**.

*   *   *

    **N**.     **Insured** means the **Company** and **Insured Persons**.

26.     Section III. **DEFINITIONS**, applicable to the Policy's D&O **Coverage Part**, provides in relevant part:

    **A.**     **Claim** means any of the following against an **Insured** for a **Wrongful Act**, including any appeal therefrom:

1. Written demand (excluding a subpoena) for monetary, non-monetary, injunctive or declaratory relief including a written request for arbitration, mediation, or other alternative dispute resolution, **Extradition**, or request to toll or waive a statute of limitations;

2. Civil or criminal proceeding commenced by the earlier of:

    a. the return of service of a complaint or indictment upon an **Insured**;

    b. the filing of an indictment upon an **Insured**; or

    c. the arrest or detainment of an **Insured**; or

3. A formal administrative or regulatory proceeding evidenced by a formal notice of charges or a formal notice of investigation.

Solely with respect to Insuring Agreements (A) and (B), **Claim** also means any **Inquiry**, provided that the **Inquiry** will be deemed a **Claim** only if the **Insured** elects to provide written notice of such **Inquiry** to the **Insurer** pursuant to Section IV.A. of the General Terms and Conditions part of the Policy. **Claim** does not include a **Books and Records Demand** or any **Securityholder Derivative Demand**.

\* \* \*

C. **Employee** means:

1. natural person whose labor or service is, was or will be engaged and directed by a **Company**, including a part-time, seasonal, leased and temporary employee, or intern; or

2. **Employed Lawyer.**

   **Employee** will not include any **Executive** or **Independent Contractor.**

D. **Executive** means any nature person who is, was or will be:

1. a duly elected or appointed director, officer, member of the Advisory Board, Board of Managers or equivalent position

2. in-house general counsel of any **Company** incorporated in the United States of America; or

3. a holder of an equivalent position to those described in paragraphs 1. and 2. above in any **Company** incorporated, formed or organized anywhere in the world.

   **Executive** does not include any **Employee** or **Independent Contractor.**

\* \* \*

G. **Insured Person** means any **Executive** or **Employee** of a **Company** acting either in his or her capacity as such or in an **Outside Capacity**.

H. **Loss** means the amount an **Insured** becomes legally obligated to pay as a result of a **Claim** including compensatory damages, settlements, judgments, claimants' attorney fees and costs attributed to the covered portion of a settlement or imposed as a result of a covered judgment and **Defense Expenses**.

**Loss** will also include:

1. punitive, unitive, exemplary, or multiplied damages if such are insurable under the law in the jurisdiction which is most favorable to the **Insured,** provided that such jurisdiction has a substantial relationship to the **Insured,** the **Insurer** or to the **Claim** giving rise to such **Loss**;

7

2. civil fines or penalties assessed against an **Insured Person** for an unintentional and non-willful violation of law that are insurable under the law to which this Policy is construed, including civil fines or penalties assessed pursuant to 15 U.S.C. §78dd-2(g)(2)(B) (the Foreign Corrupt Practices Act), if and to the extent such fines or penalties are insurable under the law of the jurisdiction in which such fines or penalties are assessed; or

\* \* \*

**Loss** does not include:

4. costs of compliance with any order for, grant of or agreement to provide non-monetary relief, including injunctive relief;

5. amount uninsurable under the law pursuant to which this **Coverage Part** is construed;

6. fines, penalties or taxes, except as provided in paragraph 1., 2. and 3. above;

7. amount that represents or is substantially equivalent to an increase in the consideration paid (or proposed to be paid) by a **Company** in connection with its purchase of any securities or assets;

\* \* \*

11. compensation, severance, salary, wages, fees, benefits, overhead, charges, or expenses of any **Insured**.

Except for punitive, exemplary or multiple damages, imposed on an **Insured** due to the **Insured's** vicarious liability, this Policy will not provide coverage for punitive, exemplary or multiple damages awarded by a court of competent jurisdiction when applying the substantive law of the State of Illinois.

\* \* \*

M. **Wrongful Act** means any actual or alleged error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted by any **Insured Person,** under Insuring Clauses (A) and (B), or by any **Company** under Insuring Clause (C).

27. Section IV, **EXCLUSIONS APPLICABLE TO ALL INSURING CLAUSES**, includes an "ERISA Exclusion," which states in relevant part:

8

> The Insurer will not be liable for **Loss** on account of any **Claim**:
>
> \* \* \*
>
> E. for any actual or alleged violation of the responsibilities, obligations, or duties imposed by **ERISA**.

28. The Policy includes an Employee Stock Ownership Plan Exclusion Endorsement (the "ESOP Plan Exclusion"), which modifies insurance provided under the D&O **Coverage Part**, and provides as follows:

> I. Section **IV. EXCLUSIONS APPLICABLE TO ALL INSURING CLAUSES** is amended by adding the following Exclusion:
>
> The **Insurer** will not be liable for **Loss** on account of any **Claim** brought by, or on behalf or for the benefit of an employee stock ownership plan of the **Insured Company.**

## THE INSURANCE COVERAGE DISPUTE

29. On January 16, 2026, BRIC issued correspondence to Meadowvale advising that while Meadowvale, the ESOP Plan Committee, Joseph G. Gomoll, and Steven P. Steinwart potentially meet the Policy's definition of **Insureds**, QHI does not. A true and correct copy of BRIC's letter is attached hereto as **Exhibit 3**.

30. BRIC also advised that because the Complaint exclusively asserts allegations and causes of action for alleged violations of the **Insured's** responsibilities, obligations, and/or duties imposed by **ERISA**, the Policy's **ERISA** exclusion precludes coverage for the Underlying Lawsuit.

31. BRIC also advised that because the Complaint asserts claims on behalf of and for the benefit of the ESOP Plan, the Policy's ESOP Plan Exclusion also precludes coverage for the Underlying Lawsuit.

32. An actual, present, and bona fide controversy exists between BRIC and the **Insureds** with respect to whether there is insurance coverage for the Underlying Lawsuit.

9

33. A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Policy for the Underlying Lawsuit.

## COUNT I – DECLARATORY JUDGMENT
### (The ERISA Exclusion Precludes Coverage Under the D&O Coverage Part)

34. BRIC realleges and restates Paragraphs 1 through 33 above as if fully set forth herein.

35. Exclusion **E.**, the **ERISA** Exclusion of the D&O **Coverage Part** of the Policy, precludes coverage for **Loss** on account of any **Claim** for any actual or alleged violation of the responsibilities, obligations or duties imposed by **ERISA**.

36. The Underlying Lawsuit is a **Claim** asserting actual or alleged violations of the responsibilities, obligations or duties imposed by **ERISA**.

37. Accordingly, Exclusion **E.**, the **ERISA** Exclusion, applies to preclude coverage and BRIC does not owe a duty to defend or indemnify the **Insureds** in connection with the Underlying Lawsuit.

## COUNT II – DECLARATORY JUDGMENT
### (The ESOP Plan Exclusion Precludes Coverage Under the D&O Coverage Part)

38. BRIC realleges and restates Paragraphs 1 through 37 above as if fully set forth herein.

39. The Policy contains an ESOP Plan Exclusion Endorsement, which provides that the **Insurer** will not be liable for **Loss** on account of any **Claim** brought by, or on behalf or for the benefit of an employee stock ownership plan of the **Insured Company**.

40. The Underlying Lawsuit is a **Claim** brought by, or on behalf or for the benefit of an employee stock ownership plan of the **Insured Company**.

41. Accordingly, the ESOP Plan Exclusion applies to preclude coverage and BRIC does not owe a duty to defend or indemnify the **Insureds** in connection with the Underlying Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BRIC prays that this Court enter a judgment in its favor and against Defendants, awarding the following relief:

a. A declaration that no coverage is available to any **Insureds** for the Underlying Lawsuit under the Policy; and

b. For such other and further relief at law or in equity that the Court deems just and proper.

## RESERVATION OF RIGHTS

The Policy may contain terms, conditions, and exclusions that may be relevant to coverage for the Underlying Lawsuit that are not currently addressed in this declaratory judgment action. Nothing in this Complaint should be construed as a waiver by BRIC of any coverage defenses at law, in equity, or under the Policy or any other policies issued by BRIC to the **Insureds**. BRIC continues to reserve all rights with respect to any claim for coverage made under the Policy by the **Insureds**, where appropriate, and waives none.

Dated: January 16, 2026                              Respectfully submitted,


                                                             */s/ David J. Buishas*
                                                             Ommid C. Farashahi
                                                             David J. Buishas
                                                            BatesCarey LLP
                                                            191 N. Wacker Dr., Suite 2400
                                                            Chicago, IL 60606
                                                            T: (312) 762-3172
                                                            ofarashahi@batescarey.com
                                                            dbuishas@batescarey.com
                                                            *Attorneys for Plaintiff Berkley Regional Insurance Company*

8882334